IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| INSURANCE COMPANY OF THE WEST,<br><br>Plaintiff,<br>v.<br><br>EAGLE MOUNTAIN INVESTMENTS, LLC, a Utah limited liability company; TOM WOOD, individually; BRENDA WOOD, individually; SPECTRUM DEVELOPMENT CORP., a Utah corporation; KENT BURNINGHAM, individually; PAUL F. BURNINGHAM, individually; and DOES 1 through X, MERSCORP, INC., a Virginia corporation;<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER DENYING DEFENDANTS TOM & BRENDA WOOD'S MOTION TO DISMISS AND MOTION FOR SUMMARY JUDGMENT**<br><br>Case No. 2:11-cv-00976-DN<br><br>District Judge David Nuffer |

Defendants Tom and Brenda Wood (the "Woods") have filed a motion for summary judgment and alternatively a motion to dismiss[1] Plaintiff Insurance Company of the West's ("ICW") claims for lack of subject matter jurisdiction. The Woods' motion for summary judgment will be discussed first, followed by discussion of the Woods' motion to dismiss. The Woods' motion for summary judgment and motion to dismiss are DENIED.

## MOTION FOR SUMMARY JUDGMENT

### Standard for Summary Judgment

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[2] In applying this standard, the Court must view facts "in the light most favorable to the nonmoving

---

[1] Wood Defendants' Motion for Summary Judgment and Motion to Dismiss For Lack of Subject Matter Jurisdiction, docket no. 18, filed December 19, 2011.

[2] Fed. R. Civ. P. 56(a).

party."[3] The opponent, however, "must do more than simply show that there is some metaphysical doubt as to the material facts,"[4] and where "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'"[5]

## Undisputed Material Facts

The following material facts are not in dispute.

1.      On September 8th, 2004, Defendant Eagle Mountain Investments, LLC ("EMI") and Eagle Mountain City (the "City") entered into a Project Development Agreement permitting EMI to build a new subdivision known as "The Woods Phase 1."[6]

2.      On September 20, 2005, ICW, on behalf of EMI, issued the Eagle Mountain City, Utah – Subdivision Bond 213 68 29 (the "Bond")[7] as security for completion of improvements in the subdivision.[8]

3.      The Defendants executed an Indemnity Agreement in favor of ICW as partial consideration of ICW's issuance of surety bonds on behalf of EMI.[9]

4.      On August 26, 2008, the City declared a default, pursuant to the terms of the Bond, by issuing proper notice to ICW.[10]

5.      ICW settled the City's claim against the Bond by paying the City the total sum of $127,247.58.[11]

---

[3] *Scott v. Harris*, 550 U.S. 372, 380 (2007).

[4] *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp*, 475 U.S. 574, 586 (1986).

[5] *Id.* at 587 (quoting *First Nat'l Bank of Arizona v. Cities Serv. Co.*, 391 U.S. 253, 288 (1968)).

[6] Memorandum in Support of Wood Defendants' Motion for Summary Judgment and Motion to Dismiss For Lack of Subject Matter Jurisdiction (Support 19) ¶ 2, docket no. 19, filed December 19, 2011.

[7] *Id*. ¶ 3.

[8] Exhibit C to Support 19, docket no. 19-1, filed December 19, 2011.

[9] Wood Defendants' Response to Plaintiff's Memorandum in Opposition to Wood Defendants' Motion for Summary Judgment and Motion to Dismiss For Lack of Subject Matter Jurisdiction (Reply 28) at 4, docket no. 28, filed March 6, 2012.

[10] Support 19, ¶ 6.

**Summary Judgment Discussion**

The Woods allege that ICW's claims are "completely barred by the contractual three year statute of limitation, as agreed to in the Bond instrument itself."[12] The relevant provision in the Bond states:

> Any suit under this bond must be instituted before the expiration of three (3) years from the date on which City declares a default of Subdivider in completion of the required improvements. No right of action shall accrue on this bond to or for the use of any person or corporation other than the City named herein or successors of City.[13]

ICW responds, arguing that its claims are not based on the Bond instrument, but on the Indemnity Agreement, and the limitations of action provision in the Bond is inapplicable to claims under the Indemnity Agreement.[14] In response to ICW's argument, the Woods argue the Indemnity Agreement and Bond "are the same contract whose terms supplement each other and bind the parties."[15]

The Woods rely on a Utah Supreme Court case, *Surety Underwriters v. E & C Trucking, Inc.*,[16] to support their argument that the Bond and Indemnity Agreement are one contract. *Surety Underwriters*, however, is distinguishable. In *Surety Underwriters*, the Court treated the bond and indemnity agreement as the same contract, but only in the context of determining whether the entire transaction fell under the Utah Insurance Act's scope or purpose.[17] "[T]he general indemnity agreement should not be considered separate from the parties' transaction

---

[11] Reply ¶ 14 at 28.

[12] Support 19 at 2.

[13] Exhibit C, docket no. 19-1, filed December 19, 2011.

[14] Plaintiff's Memorandum in Opposition to Wood Defendants' Motion for Summary Judgment and Motion to Dismiss For Lack of Subject Matter Jurisdiction (Opposition 24) at 9, docket no. 24, filed January 31, 2012.

[15] Reply 28 at 8.

[16] 10 P.3d 338 (Utah 2000).

[17] *Id*. at 341.

when considering whether the parties' contract was an insurance contract."[18] *Surety Underwriters* does not purport to hold that the terms in a bond are superior to, incorporated in or govern over the terms in an indemnity agreement. It may be necessary to view the Bond and Indemnity Agreement together in the context of an entire transaction, but each document's terms should be interpreted separately.

The Woods further argue the provision of the Bond that "[a]ny suit under this bond must be instituted before the expiration of the three (3) years from the date on which City declares a default"[19] should be interpreted broadly because the phrase "[a]ny suit" is "so expansive and all-inclusive."[20] The Woods allege that ICW's suit falls under the umbrella of the broad phase "[a]ny suit." ICW's suit, however, is not a "suit under this bond,"[21] but rather a suit under the Indemnity Agreement. As ICW correctly points out in opposition, ICW "does not allege that Defendants breached the terms of the bond," but that "Defendants have breached the Indemnity Agreement."[22]

Furthermore, the language in the Bond states "[n]o right of action shall accrue on this bond to or for the use of any person or corporation other than the City named herein or successors of City."[23] This provision reinforces the fact that "the City is the only party that has a legal right to file a lawsuit against ICW on the Bond."[24] ICW has no authority to sue the Woods under the Bond, and does not do so in the present case.

---

[18] *Id.* at 342.

[19] Exhibit C to Support 19, docket no. 19-1, filed December 19, 2011.

[20] Reply 28 at 10.

[21] Exhibit C to Support 19, docket no. 19-1, filed December 19, 2011.

[22] Opposition 24 at 12.

[23] Exhibit C to Support 19, docket no. 19-1, filed December 19, 2011.

[24] Opposition 24 at 14.

ICW is suing the Woods under the Indemnity Agreement, and its terms control. The Indemnity Agreement does not contain limitations on time to sue. Thus, Utah Code Ann. § 78B-2-309 applies, placing a six-year limitation on written contract claims. ICW resolved the City's bond claim in October of 2010,[25] making timely its suit filed October 20, 2011 against the Woods under the Indemnity Agreement.

## MOTION TO DISMISS

### Motion to Dismiss Discussion

The Woods allege that ICW is a Utah corporation, and because the Woods are Utah citizens the Court does not have subject matter jurisdiction due to the lack of diversity between the parties.[26] ICW rebuts the Woods' allegations by showing that the Woods supported their motion with domicile information for a corporation named "Insurance of the West Company", which is not the name of the Plaintiff "Insurance Company of the West" and showing that ICW is a corporation with its principal place of business in San Diego.[27] The Woods then argue that ICW is also effectively registered in Utah, because the articles of incorporation for the other entity ("Insurance of the West Company") lists an address nearly identical to the principal executive address for ICW.[28] Furthermore, the Woods allege that ICW's act in reserving the name "Insurance of the West Company" as part of filing its Articles of Incorporation is an attempt by ICW to incorporate itself in Utah, or if not, at least "do business as" a Utah corporation.[29]

---

[25] *Id*. at 13.

[26] Support 19 at 7.

[27] Opposition 24 at 14-15 and attached exhibits.

[28] Reply 28 at 11-12.

[29] *Id*. at 13.

The Indemnity Agreement lists ICW as the surety.[30] Additionally, ICW is the plaintiff which filed this case. The entity "Insurance of the West Company" has no connection to this case.

The Woods "do not dispute that ICW is registered as a California Corporation," but do dispute that ICW maintains its principal place of business in California.[31] This requires determination of ICW's principal place of business under the Supreme Court's "nerve center" test articulated in *Hertz Corp. v. Friend*.[32] In *Friend*, the Court concluded that "'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities."[33] In other words, "it should normally be the place where the corporation maintains its headquarters."[34] ICW's claim that it is a California corporation is supported by its registration with the Utah Department of Insurance, which shows that ICW is located in California.[35] ICW's argument is also supported by the affidavit of Raymond Barrios, a surety claims consultant for ICW, confirming that ICW maintains its corporate headquarters in San Diego, California.[36] The Woods counter this argument by noting that "[t]he Bond instrument states that ICW's principal office is located in Salt Lake City."[37]

---

[30] Exhibit 1 to Opposition 24, docket no. 24, filed January 31, 2012.

[31] Reply 28 at 11-12.

[32] 599 U.S. 77, 92-93 (2010).

[33] *Id*.

[34] *Id.* at 93.

[35] Exhibit E to Opposition 24, docket no. 24, filed January 31, 2012.

[36] Affidavit of Raymond Barrios in Support of Plaintiff's Memorandum in Opposition to Wood Defendants' Motion for Summary Judgment and Motion to Dismiss For Lack of Subject Matter Jurisdiction, ¶¶ 6-9, Exhibit B to Opposition 24, docket no. 24, filed January 31, 2012.

[37] Reply 28 at 12.

Despite this notation, which ICW claims was a mistake,[38] the majority of the evidence indicates that ICW is a California corporation with its principal place of business in California.

Furthermore, in an effort to clarify the roles of ICW and "Insurance of the West Company," ICW shows that "the two companies have different names, are different entities, and have different purposes."[39] Insurance of the West Company "was created to market and sell ICW insurance and surety products in Utah through independent agents,"[40] and "did not provide surety bonds, underwrite bonds, or provide surety or insurance products of any kind."[41]

The Woods, however, argue that ICW is a Utah corporation because (1) it used the same "Entity File Number" in its 2009 annual report as Insurance of the West Company;[42] (2) Insurance of the West Company lists Ernest Rady as its incorporator, and Ernest Rady was an executive at ICW;[43] and (3) various correspondence from ICW contains a Utah address associated with Insurance of the West Company.[44]  This evidence of inadvertent mistakes or minimal relations is not sufficient to show ICW is a Utah corporation.  The truth is, as ICW states, "Insurance Company of the West is incorporated in California, while Insurance of the West Company was incorporated in Utah."[45]

---

[38] Opposition 24 at 15.

[39] Plaintiff's Memorandum in Opposition to Wood Defendants' Motion for Leave to File Supplemental Memorandum in Support of Motion to Dismiss for Lack of Subject Matter Jurisdiction (Opposition 74) at 3 and attached exhibits, docket no. 74, filed January 14, 2013.

[40] *Id*.

[41] *Id*.

[42] Supplemental Memorandum in Support of Wood Defendants' Motion to Dismiss For Lack of Subject Matter Jurisdiction (Supp. Memo 71) at 3, docket no. 71, filed January 7, 2013.

[43] *Id*.

[44] *Id*. at 3-4.

[45] Opposition 74 at 5 and attached exhibits (citations omitted).

Insurance of the West Company is not a party to the Indemnity Agreement, so the relevant inquiry is whether ICW is a Utah corporation. ICW is a California corporation, and not a Utah Corporation.

### ORDER

Accordingly, IT IS HEREBY ORDERED that Defendants' motion for summary judgment and motion to dismiss[46] is DENIED.

Signed July 25, 2013.

BY THE COURT

_____
District Judge David Nuffer

---

[46] Docket no. 18, filed December 19, 2011.