IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| INSURANCE COMPANY OF THE WEST,<br><br>Plaintiff,<br>v.<br><br>EAGLE MOUNTAIN INVESTMENTS, LLC, a Utah limited liability company; TOM WOOD, individually; BRENDA WOOD, individually; SPECTRUM DEVELOPMENT CORP., a Utah corporation; KENT BURNINGHAM, individually; PAUL F. BURNINGHAM, individually; and DOES 1 through X, MERSCORP, INC., a Virginia corporation;<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER DENYING DEFENDANTS EAGLE MOUNTAIN INVESTMENTS, LLC, AND TOM & BRENDA WOOD'S MOTION FOR LEAVE TO FILE THIRD-PARTY COMPLAINT**<br><br>Case No. 2:11-cv-00976-DN<br><br>District Judge David Nuffer |

Defendants Eagle Mountain Investments, LLC, Tom Wood and Brenda Wood, (collectively, the "Wood Defendants") have filed a motion requesting leave to file a third party complaint against Eagle Mountain City (the "City").[1]

The Wood Defendants motion for leave to file a third-party complaint is DENIED.

## BACKGROUND FACTS

1. On September 8th, 2004, Defendant Eagle Mountain Investments, LLC ("EMI") and the City entered into a Project Development Agreement permitting EMI to build a new subdivision known as "The Woods Phase 1."[2]

---

[1] Motion for Leave to File Third Party Complaint, docket no. 54, filed June 28, 2012.

[2] Memorandum in Support of Wood Defendants' Motion for Summary Judgment and Motion to Dismiss For Lack of Subject Matter Jurisdiction (Support 19) ¶ 2, docket no. 19, filed December 19, 2011.

2. On September 20, 2005, Plaintiff Insurance Company of the West ("ICW"), on behalf of EMI, issued the Eagle Mountain City, Utah – Subdivision Bond 213 68 29 (the "Bond")[3] as security for completion of improvements in the subdivision.[4]

3. The Wood Defendants executed an Indemnity Agreement in favor of ICW as partial consideration of ICW's issuance of surety bonds on behalf of EMI.[5]

4. On August 26, 2008, the City declared a default, pursuant to the terms of the Bond, by issuing proper notice to ICW.[6]

5. ICW settled the City's claim against the Bond by paying the City the total sum of $127,247.58.[7]

## DISCUSSION

"A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it."[8] If the party "files the third-party complaint more than 14 days after serving its original answer"[9] the "third-party plaintiff must, by motion, obtain the court's leave."[10] The Tenth Circuit has held that "Rule 14(a) should be liberally construed to accomplish its purpose but it is not a catchall for independent litigation."[11] Furthermore:

---

[3] *Id*. ¶ 3.

[4] Exhibit C to Support 19, docket no. 19-1, filed December 19, 2011.

[5] Wood Defendants' Response to Plaintiff's Memorandum in Opposition to Wood Defendants' Motion for Summary Judgment and Motion to Dismiss For Lack of Subject Matter Jurisdiction (Reply 28) ¶ 4, docket no. 28, filed March 6, 2012.

[6] Support 19, ¶ 6.

[7] Reply 28, ¶ 14.

[8] Fed. R. Civ. P. 14(a)(1).

[9] *Id*.

[10] *Id*.

[11] *U.S. Fidelity & Guaranty Co. v. Perkins*, 388 F.2d 771, 773 (10th Cir. 1968).

> Whether third-party defendants may be brought in and retained in the action is ordinarily a matter addressed to the sound discretion of the trial judge. If impleading a third party defendant would require the trial of issues not involved in the controversy between the original parties without serving any convenience, there is no good reason to permit the third-party complaint to be filed.[12]

In the present case, the Wood Defendants request leave to file their third-party complaint. The proposed third-party complaint lists claims against the City for breach of implied covenant of good faith and fair dealing, as well as equitable indemnity or declaratory judgment.[13] The basis of the third-party claims derives from a project development agreement between the Wood Defendants and the City.[14] The present case between ICW and the Wood Defendants involves liability pursuant to the Indemnity Agreement signed between ICW and the Wood Defendants. Adjudication of the proposed third-party claims between the Wood Defendants and the City would not involve the Indemnity Agreement. Adjudicating the third-party claims "would require the trial of issues not involved in the controversy between the original parties."

Furthermore, ICW persuasively notes that if the Wood Defendants' motion was granted, the scope and complexity of the case would "unnecessarily expand."[15] In order for the Wood Defendants to prevail on their claim that the City breached its duty by not giving the Wood Defendants "fair and equitable treatment,"[16] the Wood Defendants would likely present evidence on how the City required "more of the Wood Defendants

---

[12] *Id*. (quoting Barron and Holtzoff, *Federal Practice and Procedure*, Vol. 1A, p. 647).

[13] Ex. A to Motion for Leave to File Third-Party Complaint at 5-7, docket no. 54, filed June 28, 2012.

[14] *Id*.

[15] Plaintiff's Memorandum in Opposition to Wood Defendants' Motion for Leave to File Third Party Complaint (Opposition 56) at 8, docket no. 56, filed July 6, 2012.

[16] Third-Party Complaint ¶ 32.

than other similarly situated developers."[17] This would likely include evidence of: "similar projects, similar developers, similar contracts, similar circumstances, similar requirements, similar guidelines, similar subcontractors, similar means and methods of construction, a similar time frame, [and] similar City needs and requirements during those time frames."[18] The presentation of such issues or similar issues is well beyond the controversy of the original parties, because the original controversy dealt with the sole issue of liability under the Indemnity Agreement between ICW and the Wood Defendants.

## ORDER

Accordingly, IT IS HEREBY ORDERED that the Wood Defendants' motion for leave to file third party complaint[19] is DENIED.

Signed July 25, 2013.

BY THE COURT

_____
District Judge David Nuffer

---

[17] Opposition 56 at 8.

[18] *Id*.

[19] Docket no. 54, filed June 28, 2012.