IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| INSURANCE COMPANY OF THE WEST,<br><br>Plaintiff,<br>v.<br><br>EAGLE MOUNTAIN INVESTMENTS, LLC, a Utah limited liability company; TOM WOOD, individually; BRENDA WOOD, individually; SPECTRUM DEVELOPMENT CORP., a Utah corporation; KENT BURNINGHAM, individually; PAUL F. BURNINGHAM, individually; and DOES 1 through X, MERSCORP, INC., a Virginia corporation;<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANTS' RULE 56(d) MOTION**<br><br>Case No. 2:11-cv-00976-DN<br><br>District Judge David Nuffer |

Plaintiff Insurance Company of the West ("ICW") has filed a motion for summary judgment[1] against Defendants Tom Wood, Brenda Wood, Spectrum Development Corp., Kent Burningham and Paul F. Burningham (collectively the "Wood Defendants"). The only Defendants who oppose this motion are Tom & Brenda Wood (the "Woods"). They also seek an order continuing consideration of ICW's motion until the Woods conduct further discovery.[2]

ICW seeks to enforce a written indemnity agreement (the "Indemnity Agreement") in which the indemnitors (the "Wood Defendants") promised to "indemnify and hold ICW

---

[1] Plaintiff's Motion for Summary Against Defendants Tom Wood, Brenda Wood, Spectrum Development Corp., Kent Burningham and Paul F. Burningham, docket no. 32, filed April 11, 2012.

[2] Wood Defendants' Rule 56(f) Motion in Opposition to Plaintiff's Motion for Summary Judgment (Support 43) at 2, docket no. 43, filed May 9, 2012.

harmless."[3] ICW alleges that the indemnitors have "failed to indemnify ICW for losses incurred . . . thereby breaching the Indemnity Agreement."[4] Specifically, ICW moves for summary judgment on its claims of breach of contract, contractual indemnity, and alternatively equitable indemnity.[5]

## SUMMARY JUDGMENT MOTION

### Standard for Summary Judgment

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[6] In applying this standard, the Court must view facts "in the light most favorable to the nonmoving party."[7] The opponent, however, "must do more than simply show that there is some metaphysical doubt as to the material facts,"[8] and where "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'"[9]

### Undisputed Material Facts

The following material facts are not in dispute.

1. On September 8th, 2004, Defendant Eagle Mountain Investments, LLC ("EMI") and Eagle Mountain City (the "City") entered into a Project Development Agreement permitting EMI to build a new subdivision known as "The Woods Phase 1."[10]

---

[3] Plaintiff's Memorandum of Points and Authorities in Support of Its Motion for Summary Judgment Against Defendants Tom Wood, Brenda Wood, Spectrum Development Corp., Kent Burningham and Paul F. Burningham (Support 33) at 2, docket no. 33, filed April 11, 2012.

[4] *Id*. at 2.

[5] Complaint at 6-9, docket no. 2, filed October 20, 2011.

[6] Fed. R. Civ. P. 56(a).

[7] *Scott v. Harris*, 550 U.S. 372, 380 (2007).

[8] *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp*, 475 U.S. 574, 586 (1986).

[9] *Id.* at 587 (quoting *First Nat'l Bank of Arizona v. Cities Serv. Co.*, 391 U.S. 253, 288 (1968)).

[10] Memorandum in Support of Wood Defendants' Motion for Summary Judgment and Motion to Dismiss For Lack of Subject Matter Jurisdiction (Support 19) at 3, ¶ 2, docket no. 19, filed December 19, 2011.

2. On September 20, 2005, ICW, on behalf of EMI, issued the Eagle Mountain City, Utah – Subdivision Bond 213 68 29 (the "Bond")[11] as security for completion of improvements in the subdivision.[12]

3. On September 16, 2005, the Defendants executed the Indemnity Agreement in favor of ICW as partial consideration of ICW's issuance of surety bonds on behalf of EMI.[13]

4. On or about August 26, 2008, the City informed ICW that Eagle Mountain Investments, LLC ("EMI") had failed to complete the improvements identified in the Bond and asserted a claim against the Bond.[14]

5. Based on ICW's investigation and analysis of the City's claim, including potential liability, the risk and cost of litigation, possible outcomes and other factors, ICW settled the City's claim against the Bond by paying the City the total sum of $127,247.58[15] on October 11, 2010.[16]

6. ICW incurred the following losses as a direct result of issuing the Bond and in enforcing ICW's rights under the Indemnity Agreement:[17]

| Description of Loss | Amount |
| --- | --- |
| Principal Loss under Bond No. 213 68 29 | $127,247.58 |
| Unpaid Annual Premiums for Bond No. 213 68 29 | $7,242.00 |

---

[11] *Id*. ¶ 3.

[12] Exhibit C to Support 19, docket no. 19-1, filed December 19, 2011.

[13] Support 33 at 2, ¶ 1. The Woods do not dispute this fact, but object only on the basis of relevance. *See* Wood Defendants' Rule 56(f) Motion in Opposition to Plaintiff's Motion for Summary Judgment (Opposition 43) at 2, docket no. 43, filed May 9, 2012.

[14] Opposition 43 at 6, ¶ 8.

[15] Opposition 43 at 7, ¶ 12. The Woods do not dispute this fact, but only object on the basis of relevance and materiality (*Id*.)

[16] Exhibit 4 to Declaration of Raymond Barrios, ¶ 19, and attached Exhibit 4, docket no. 35, filed April 11, 2012.

[17] Opposition 43 at 8-9, ¶¶ 14-17. The Woods do not dispute these figures, but only object on the basis of relevance and foundation. The Woods argue the fees listed are not reasonable and ICW failed to mitigate damages, but they do not dispute the figures that ICW claims. (Opposition 43 ¶17 at 9).

| Consultant fees paid to Benchmark | $8,617.19 |
| Attorneys' fees and costs incurred in enforcing and advising ICW about the Indemnity Agreement as of April 10, 2012 | $7,781.72 |
| **TOTAL** | $150,888.49 |

## Discussion

In determining the status and effect of the Indemnity Agreement, the "[w]ell accepted rules of contract interpretation" require an examination of the "language of a contract to determine meaning and intent."[18] Because the language of the Indemnity Agreement is unambiguous,[19] "the parties' intentions are determined from the plain meaning of the contractual language, and the contract may be interpreted as a matter of law."[20]

The Indemnity Agreement names EMI as Principal, ICW as Surety, and is signed by the Wood Defendants as indemnitors.[21] The first relevant provision of the Indemnity Agreement states that the Wood Defendants "shall indemnify and keep indemnified [ICW] against any and all liability for losses and expenses of whatsoever kind or nature, including attorney fees and costs, by reason of having executed or procured the execution of [the Bond]."[22] The Woods do not dispute that ICW incurred losses and expenses in connection with settling the City's claim against the Bond.[23] This unambiguous provision of the Indemnity Agreement states the Wood Defendants are liable to ICW for the losses it incurred as a result of the City making a claim against the Bond.

---

[18] *Glenn v. Reese*, 225 P.3d 185, 188 (Utah 2009).

[19] The Woods do not argue the Indemnity Agreement is ambiguous.

[20] *Glenn*, 225 P.3d at 188-89 (quoting *Café Rio, Inc. v. Larkin-Gifford-Overton, LLC*, 207 P.3d 1235, 1240 (Utah 2009)).

[21] Exhibit 1 to Declaration of Raymond Barrios at 1, 6, docket no. 35, filed April 11, 2012.

[22] *Id*. at 1.

[23] Opposition 43 at 7-9.

4

In exercising its rights under the Indemnity Agreement, ICW has requested the Wood Defendants indemnify ICW "for any and all losses, expenses, [and] unpaid premiums in the amount of $150,888.49."[24] To determine if the amount ICW has requested in damages is appropriate, it is necessary to further examine the Indemnity Agreement. The relevant provision of the Indemnity Agreement states that "[a]n itemized statement of the payment or compromise, sworn to by an officer of the Surety, or the voucher or vouchers or other evidence of the payment or compromise, shall be prima facie evidence of the fact and the amount of the liability of the [Wood Defendants] under this Agreement."[25] ICW has presented evidence of its losses and expenses,[26] all of which have been sworn to by Raymond Barrios, a surety claims consultant for ICW, and Colin Chipman, ICW's attorney.[27] ICW has met its burden pursuant to the prima facie evidence clause in the Indemnity Agreement.

The only argument presented in rebuttal by the Woods is a statement that the "[f]ees are not reasonable and ICW failed to mitigate damages by filing its suit in federal court when it should have brought suit in state court, due to subject matter jurisdiction issues."[28] The Woods do not present any evidence to support their allegation that the fees presented by ICW are unreasonable. Furthermore, it has now been decided that ICW's suit in Federal Court was appropriate, and thus the Woods' argument that the case was improperly filed here is unavailing.

---

[24] Support 33 at 13.

[25] Exhibit 1 to Declaration of Raymond Barrios at 1, docket no. 35, filed April 11, 2012.

[26] *See* Affidavit of Colin Chipman in Support of Plaintiff's Motion for Summary Judgment Against Defendants Tom Wood, Brenda Wood, Spectrum Development Corp., Kent Burningham and Paul F. Burningham (Chipman Affidavit), docket no. 34, filed April 11, 2012; Exhibits 4 and 7 to Declaration of Raymond Barrios, docket no. 35, filed April 11, 2012.

[27] *See* Chipman Affidavit; Declaration of Raymond Barrios in Support of Plaintiff's Motion for Summary Judgment Against Defendants Tom Wood, Brenda Wood, Spectrum Development Corp., Kent Burningham and Paul F. Burningham, docket no. 35, filed April 11, 2012.

[28] Opposition 43 at 9.

The Wood Defendants are bound by the terms of the Indemnity Agreement, and as such are required to indemnify ICW for its losses and expenses in the amount provided by ICW.

ICW has also established the necessary elements to demonstrate a breach of contract by the Wood Defendants. Under Utah law, a party alleging a breach of contract must show: (1) the existence of a contract; (2) performance under the contract; (3) the other party's breach/non-performance under the contract; and (4) damages.[29] It is undisputed that ICW and the Wood Defendants executed the Indemnity Agreement. It is undisputed that ICW performed in accordance with the Indemnity Agreement. As previously discussed, the Wood Defendants have failed to indemnify ICW pursuant to terms of the Indemnity Agreement, and thus have not performed their obligations under the Indemnity Agreement, resulting in damages to ICW. Therefore, it has been established that the Wood Defendants have breached the Indemnity Agreement.

## DEFENDANT'S RULE 56(d)[30] MOTION

Rule 56(d) of the Federal Rules of Civil Procedure allows "a summary judgment motion to be denied, or the hearing on the motion to be continued, if the nonmoving party has not had an opportunity to make full discovery."[31] The protections afforded by Rule 56(d) "can be applied only if a party satisfies certain requirements."[32] These requirements include "an affidavit furnished by the nonmovant" explaining: (1) "why facts precluding summary judgment cannot be presented;"[33] (2) "the probable facts not available;" (3) "what steps have been taken to obtain

---

[29] *Sanpete Water Conservancy Dist. v. Carbon Water Conservancy Dist.*, 226 F.3d 1170, 1177 (10th Cir. 2000).

[30] Defendants refer to their motion as a Rule 56(f) motion, however, Rule 56 was amended in 2010. The portion of the rule that was 56(f) is now 56(d).

[31] *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986).

[32] *Price ex rel. Price v. Western Resources, Inc.*, 232 F.3d 779, 783 (10th Cir. 2000) (quoting *Committee for the First Amendment v. Campbell*, 962 F.2d 1517, 1522 (10th Cir. 1992)).

[33] *Price*, 232 F.3d at 783 (quoting *Campbell*, 962 F.2d at 1522).

these facts;" and (4) "how additional time will enable [the nonmovant] to rebut movant's allegations of no genuine issue of fact."[34]

The Woods' attorney, Mr. Ruesch, filed a declaration[35] attempting to address the Rule 56(d) requirements. The declaration, however, fails to satisfy the requirements set forth by the Tenth Circuit. Throughout the entire declaration Mr. Ruesch discusses the need for further discovery as it relates to "certain claims that . . . the Wood Defendants may have against Eagle Mountain City."[36] Any claims that the Woods may have against Eagle Mountain City do not bear on the issue of Woods' liability to ICW under the Indemnity Agreement. Mr. Reusch fails to identify any probable facts that would enable him to "rebut movant's allegations of no genuine issue of fact" material to ICW's claims against the Woods under the Indemnity Agreement and "and what steps have been taken to obtain these facts."[37] Thus, by failing to meet the requirements set forth by the Tenth Circuit, the Woods are not entitled to the protections afforded by Rule 56(d).

---

[34] *Price*, 232 F.3d at 783 (quoting *Campbell*, 962 F.2d at 1522).

[35] Declaration of Benjamin Ruesch, docket no. 42, filed May 9, 2012.

[36] *Id*. ¶ 3.

[37] *Price*, 232 F.3d at 783 (quoting *Campbell*, 962 F.2d at 1522).

**ORDER**

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for summary judgment[38] is GRANTED for the claims of breach of contract and contractual indemnity against all Defendants in the principal amount of $150,888.49. On or before August 5, 2013, Plaintiff shall submit the form of a judgment and supporting calculations showing pre-judgment interest as of this date and the rate of post judgment interest.

IT IS FURTHER ORDERED that Defendants' Rule 56(d) motion[39] is DENIED.

Dated July 25, 2013.

BY THE COURT:

David Nuffer
United States District Judge

---

[38] Docket no. 32, filed April 11, 2012.

[39] Docket no. 41, filed May 9, 2012.